NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARIA PILAR MONTERO, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 05-5066 (WHW) |
| | : | |
| ALBERTO AGUILERA, as known as JUAN GABRIEL, and LUCERO ZAPATA, | : | |
| | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Defendant Alberto Aguilera, moves to dismiss this case for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2). Plaintiff Maria Pilar Montero has not opposed the motion. Pursuant to Federal Rules of Civil Procedure 78, the Court decides this motion without oral argument. The Court dismisses the Complaint against Mr. Aguilera without prejudice.

**BACKGROUND**

Plaintiff Maria Pilar Montero is a citizen of New Jersey. Her office is located in the County of Bergen. Complaint at ¶ 3, Montero v. Aguilera, No. 05-5066 (WHW) (filed Oct. 21, 2005) ("Compl."). She is a television producer and director. Id. at ¶ 6.

Defendant Aguilera is a resident of Mexico and lives at Vientos Aliseos No. 7, Colonia Fraccionamento Las Brisas, CP 39851, Acapulco, Guerrero, Mexico. Affidavit of Alberto Aguilera at ¶ 2 (Dkt. Entry No. 8-2, filed Sept. 28, 2007) ("Aguilera's Aff."). Mr. Aguilera is a

**NOT FOR PUBLICATION**

singer, composer and songwriter whose professional name is Juan Gabriel.  Id. at ¶ 3.  He performs concerts internationally, including the United States.  Id.

He does not own property nor have any business interests in New Jersey.  Aguilera's Aff. ¶ 4.  The only time Aguilera recalls being in New Jersey was when he performed a concert about ten years ago.  Id.  More often, when he performs in the New York City metropolitan area, his concerts are held at Madison Square Garden in New York.  Id.

There are factual disputes as to where, when and how often plaintiff Montero and defendant Aguilera have met and discussed the arrangements of Montero's services to Aguilera.

According to Plaintiff, on March 3, 2003, Plaintiff requested an interview with Aguilera through his manager, Lucero Zapata.  Compl. ¶ 7.  This meeting took place in Los Angeles, California.  Id. at ¶ 9.  The topic of the interview was to pay tribute to a celebrated Cuban singer, Celia Cruz, who had passed away that year.  Id. at ¶ 7.  During that meeting, Lucero Zapata requested that Montero become Aguilera's assistant manager.  Id. at 9.

Also according to the Complaint, on July 3, 2003, in Chicago, Illinois, Aguilera "sought with great persistence the personal services of" Montero to act as his assistant manager to handle television and media production issues.  Id. at ¶ 12.  These services were to be provided from Montero's studio in New Jersey.  Id. at ¶ 13.  From July 3, 2003 to November 2003, Montero performed these services, presumably,  from New Jersey.  Id. at ¶ 17.

Aguilera denies that there is any agreement between Montero and him.  Aguilera's Aff. ¶ 5. Aguilera only spoke to Montero once.  Id.  This conversation occurred during a singing tour in Peru in 2003.  Id.  Aguilera discussed Celia Cruz and discussed briefly the possibility of Montero

**NOT FOR PUBLICATION**

doing a documentary about Aguilera's hometown in Mexico.  Id.  Aguilera also denies that there were "countless meetings" or "many strategy sessions" between Montero, Zapata and Aguilera. Id. at ¶ 6.

The procedural history of this case is noteworthy.  Plaintiff filed her Complaint on October 21, 2005.  Plaintiff did not serve the Summons and Complaint until March 31, 2006. See Affidavit of Service (Dkt. Entry No. 2, filed April 21, 2006).  No activity occurred on the docket for about one year.  On April 13, 2007, Roger Sauer, counsel for Aguilera, made an appearance.  See Notice of Appearance (Dkt. Entry No. 4, filed April 13, 2007).  On August 22, 2007, defendant Aguilera filed an answer challenging this Court's jurisdiction over Aguilera. See Answer to Complaint (Dkt. Entry No. 6, filed Aug. 22, 2007) ("Answer").

On September 28, 2007, Aguilera filed his motion to dismiss the Complaint for lack of personal jurisdiction.  Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. Entry No. 8, Sept. 28, 2007).  On October 22, 2007, Francisco Guzman, counsel for Plaintiff, responded to the motion by submitting a letter to this Court but did not file this letter with the Clerk's Office.  Mr. Guzman did not request an extension to oppose this motion pursuant to L. Civ. R. 7.1(d)(5).  In Mr. Guzman's letter, he opposes the motion because the motion has "October 22, 2007 as a return date without consulting this office as to our availability for oral argument."  See October 22, 2007 letter to the Court from Francisco Guzman.  Mr. Guzman requested "that the court schedule oral argument at a mutually convenient date so that I may file opposing papers accordingly."

**NOT FOR PUBLICATION**

Mr. Sauer contested Mr. Guzman's letter that he needed to get Mr. Guzman's permission before filing his motion to dismiss for lack of personal jurisdiction. See October 23, 2007 letter (Dkt. Entry No. 10, filed Oct. 23, 2007). Mr. Sauer responded that the motion date is not something that needed to be agreed upon with Mr. Guzman but rather was automatically set by the Court pursuant to L. Civ. R. 7.1(c)(1).

At Mr. Guzman's request, the Court contacted counsel for both parties with the aim of scheduling a hearing in late January. A tentative agreement was reached to schedule the hearing on January 28, 2008. Mr. Guzman called the Chambers on January 23, 2008 to cancel because he had a trial that week. Mr. Sauer and Mr. Guzman spoke about rescheduling the hearing in late March. See March 3, 2008 letter from Mr. Sauer, p. 2 (Dkt. Entry No. 12, filed March 6, 2008). Mr. Sauer reached out to Mr. Guzman from late February to early March to set a new hearing date without avail. Id. To date, Mr. Guzman has not filed an opposition to Defendant Aguilera's motion to dismiss for lack of personal jurisdiction.

Accordingly, the Court will consider Mr. Aguilera's motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) as unopposed.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 4(e), federal "district courts have personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum state in which the district court sits." See Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 31 (3d Cir. 1993). New Jersey's long arm statute provides for personal jurisdiction as far as is

**NOT FOR PUBLICATION**

permitted by the Fourteenth Amendment to the United States Constitution. See N.J. Civ. Pract. R. 4:4-4; Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir.1992); DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981). Therefore, the question of whether this Court has jurisdiction over the defendant is determined by federal constitutional law. See Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 (3d Cir. 1990).  The burden to produce actual evidence of the defendant's contacts with the forum state rests on the plaintiffs. Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 and n.9 (3d Cir. 1984). See also Stranahan Gear Co. v. NL Industries, Inc., 800 F.2d 53, 58 (3d Cir. 1986) (cursory allegation reiterated in a sworn affidavit is insufficient to satisfy the plaintiff's burden of proof).

## **DISCUSSION**

Defendant challenges Plaintiff's allegations that this Court has personal jurisdiction. When a challenge to personal jurisdiction is raised, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence," and "at no point may a plaintiff rely on the bare pleadings alone."  Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984); see also Stranahan Gear Co., Inc. v. NL Indus., Inc., 800 F.2d 53, 58 (3d Cir. 1986).  Because Plaintiff failed to file an opposition, there is nothing on the record to support this Court's exercise of personal jurisdiction except for the allegations in the Complaint.  On the basis that plaintiff failed to sustain its burden of proof, the Court will grant Aguilera's motion to dismiss for lack of personal jurisdiction.

**NOT FOR PUBLICATION**

Even an examination of the allegations, if taken as true, does not support this Court's exercise of general jurisdiction over Aguilera. To establish general jurisdiction the plaintiff must show significantly more than mere minimum contacts with the forum state. Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). Aguilera has stepped foot in New Jersey only once, which was ten years ago. Although his albums are sold in New Jersey, these albums typically are sold and distributed by recording companies. Without more, Aguilera does not have the "continuous and systematic contacts" with New Jersey such that this Court has general jurisdiction over Aguilera. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984).

By alleging that Plaintiff provided services to Aguilera from New Jersey, Plaintiff is implying that this Court has specific jurisdiction over Aguilera based on a personal services agreement. Plaintiff claims that she "has performed all the terms and conditions required of her under the personal services agreement, such as conducting and scheduling interviews with the media, acquiring materials for the production of a Juan Gabriel's biography, providing all advance roadwork services for concerts, interviews and press contacts, and as well as organized the press work for the 'Juan Gabriel Peru 2003 Tour.'" Compl. at ¶ 23. Her performance lasted about four months, from July 2003 through November 2003. Id. at ¶ 17. However, Plaintiff did not provide a copy of the alleged personal services agreement made on July 3, 2003 with the Complaint. Aguilera denies the existence of any agreement.

The first prong of the specific jurisdictional analysis requires the Court to determine whether the defendant had the minimum contacts with the forum necessary for the defendant to

**NOT FOR PUBLICATION**

have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted). The second prong requires the Court to determine that "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)

Under a specific jurisdictional analysis, Plaintiff would need to provide factual support that Aguilera expected Plaintiff to provide services from New Jersey such that he would have "reasonably anticipated being haled into court" in New Jersey. It is undisputed that Aguilera did not know of any personal services agreement between Montero and Aguilera. The Court cannot find, without factual support from Plaintiff, that Aguilera would have "reasonably anticipated being haled into court" in New Jersey. Also, an assertion of personal jurisdiction by this Court over a Mexican national for breach of an alleged contract that he did not know existed would not comport with "fair play and substantial justice."

## CONCLUSION

Accordingly, Defendant Aguilera's motion to dismiss for lack of personal jurisdiction is granted.

March 17th, 2008                                      s/William H. Walls
                                                      United States Senior District Judge